Bergan, J. (dissenting).
If one could indulge in a fresh reading of section 617 of the Insurance Law, unencumbered by the gloss of judicial construction, the court would clearly be right in holding in the present case that ice coming from a truck failing to stop did not amount to ‘ ‘ physical contact ’ ’ of that vehicle “ with ” the claimant’s car. The dissent in MVAIC v. Eisenberg (18 N Y 2d 1, 5) made the point that “ physical contact ” as used in section 617 means what it seems to mean: that the vehicles are in direct impact ‘ ‘ with ” each other.
But the holding of Eisenberg was quite the other way to the effect that if car A was in contact with car B and car B was in turn in contact with car 0 the requirement for ‘ ‘ physical con *124 tact ’ ’ between cars A and G is satisfied even though there is no contact whatever between cars A and 0.
If this sequence of events can constitute “ physical contact ”, as the court there held, then portions of the structure of one vehicle, as a hub cap or loose equipment; or of its loose cargo, or ice or other dangerous material left to accumulate on it and falling off, directly and not intermediately causing injury to another vehicle, must necessarily be deemed “ physical contact ”. The cars considered to have been in ‘ ‘ physical contact” in Eisenberg were actually more remote in the prescribed statutory relationship than the contact caused by physical objects coming directly from one car to the other.
Eisenberg greatly extended the effect of the statute and should be overruled. If it is not overruled it should be followed. It is not reasonably distinguishable from this case in which the ‘ ‘ contact ’ ’ was far more direct and immediate than in Eisenberg. Nothing could demonstrate more conclusively the infirmity of Eisenberg than a reading together of the majority and concurring opinions in this present case.
The order should be affirmed.
Judges Burke, Scileppi and Jasen concur with Judge Breitel; Chief Judge Fuld concurs in result in an opinion; Judge Bbegan dissents and votes to affirm in a separate opinion in which Judge Gibson concurs.
Order reversed, without costs, and the matter remitted to Special Term for further proceedings in accordance with the opinion herein.